In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3273

ERICK MARQUEZ, et al.,

*Plaintiffs-Appellants*,

*v.*

WEINSTEIN, PINSON & RILEY, P.S.,
et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-00739 — **John J. Tharp, Jr.**, *Judge.*

ARGUED MAY 19, 2016 — DECIDED SEPTEMBER 7, 2016

Before WOOD, *Chief Judge*, and POSNER and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Plaintiffs-appellants Erick Marquez, Iraida Garriga, and Doris Russel brought an action, individually and on behalf of a class, against defendants-appellees Evan L. Moscov, his law firm Weinstein, Pinson & Riley, P.S. ("Weinstein"), and debt collection agency NCO Financial

Systems, Inc. (NCO), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., arising out of the defendants' attempt to collect on student loan debts allegedly owed by the plaintiffs. The gravamen of the complaint was that the defendants included a misleading and deceptive statement in a paragraph of the debt-collection complaint they filed against the plaintiffs in state court. The district court granted the initial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and after the plaintiffs filed their second amended complaint, granted a subsequent motion to dismiss as well, this time with prejudice. The plaintiffs now appeal that dismissal.

This case arose from complaints filed in state court by the defendant Weinstein, on behalf of NCO and signed by Moscov as their attorney, (the "debt collectors") seeking repayment of student loans from the plaintiffs (the "consumers").[1] Those complaints contained typical language for such cases, reciting the loan agreement and the outstanding principal amount, and alleging the breach of that loan agreement and the corresponding damages. However, following those allegations, and immediately preceding the prayer for relief, the debt collectors included Paragraph 12 in the complaints, which stated:

---

[1] The terms "plaintiff" and "defendant" can cause confusion in this case, because the defendants in the state court collection action are the plaintiffs here, and *vice versa*. To avoid such confusion, we will refer to the plaintiffs and defendants in the state court action as debt collectors and consumers, and use the terms plaintiff and defendant to refer to the parties in this FDCPA action.

12. Pursuant to 11 U.S.C. § 1692g(a), Defendants are informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof.

The plaintiffs in the FDCPA action before us assert that Paragraph 12 violated the FDCPA in that it was misleading and deceptive as to both the manner and timing of their response to the state lawsuit. The central issue in this appeal is whether the district court erred in determining that paragraph 12 of the state law complaint was not misleading or deceptive as a matter of law, and therefore granting the motion to dismiss the FDCPA claim. We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6), accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

Before considering whether the district court properly held that Paragraph 12 was not misleading or deceptive as a matter of law, we must address a preliminary matter. NCO argues that we need not address the FDCPA challenge at all because 15 U.S.C. § 1692e does not regulate the content of state court pleadings. That issue was properly preserved because it was presented, and rejected, in the district court.[2]

---

[2] NCO attempts to raise a number of other issues on appeal that were not properly presented to the district court, but those arguments are waived

(continued...)

In *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007) and *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 n.1 (7th Cir. 2011), we postponed for a future case the question of whether § 1692e of the FDCPA covers the process of litigation. This is that future case, as the issue is squarely presented to us and the answer is necessary to resolution of this appeal. Numerous circuits already have addressed this issue, and often in nearly identical reasoning, have concluded that pleadings or filings in court can fall within the FDCPA. See, e.g., *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176-77 (3d Cir. 2015); *Goldman v. Cohen*, 445 F.3d 152, 155-56 (2nd Cir. 2006); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007); *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 449-50 (6th Cir. 2014), as amended (Dec. 11, 2014); *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 573-74 (8th Cir. 2015); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031–32 (9th Cir. 2010); *James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013); *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297-1300 (11th Cir. 2015). Those circuits almost uniformly base their conclusion on the Supreme Court's analysis in *Heintz v. Jenkins*, 514 U.S. 291 (1995), as well as on the amendment to the FDCPA following that decision. We agree with the reasoning of those circuits and for those same reasons conclude that § 1692e of the FDCPA applies to the statement in Paragraph 12 of the state court complaint at issue here.

---

[2] (...continued)

and we do not address them. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

In *Heintz*, Darlene Jenkins had borrowed money from Geiner Bank to purchase an automobile. *Id.* at 293. She defaulted on that loan, and the bank's law firm sued her in state court to recover the balance owed. In an effort to settle the case, an attorney for the bank's law firm, George Heintz, sent a letter to Jenkins' lawyer listing the amount that she owed. Jenkins filed suit alleging that the letter violated the FDCPA in that it contained a false statement of the amount that she owed the bank. The district court dismissed the lawsuit holding that the FDCPA was inapplicable to lawyers, but we reversed and the Supreme Court agreed with us, holding that the FDCPA applies to "the litigating activities of lawyers." *Id.* at 294. Heintz had argued that the Court should construe the statute as containing "an implied exemption for those debt-collecting activities of lawyers that consist of litigating," but the Court rejected that interpretation. *Id.* at 295. The Court held that the FDCPA applies to attorneys who "'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Id.* at 299.

Although the communication at issue in *Heintz* was a letter rather than a legal pleading, the Court recognized the applicability of the FDCPA even to attorneys whose debt-collection activity consisted of litigation, and nothing in that analysis commands a differentiation between the two. Nothing in the broad language in *Heintz* would support an interpretation that would apply the FDCPA to attorneys whose debt collection activity consisted of litigation, but limit it to only those representations made by those attorneys outside of that litigation. The conclusion that the FDCPA applies to legal pleadings is supported by a post-*Heintz* amendment enacted

by Congress. In the post-*Heintz* amendment, Congress exempted legal pleadings from a specific provision in the FDCPA, but did not exempt it from the FDCPA as a whole. Specifically, 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive or misleading representation in connection with the collection of any debt. The statute itemizes sixteen communications that constitute violations of that provision, including at § 1692e(11), the failure to disclose in the initial written communication to the consumer that the debt collector is attempting to collect a debt and that any information will be used for that purpose. After *Heintz* was decided in 1995, however, Congress amended § 1692e(11) to exclude formal legal pleadings from that requirement, with the amended version now stating that "this paragraph shall not apply to a formal pleading made in connection with a legal action." By providing that sub-section 1692e(11) did not apply to a formal pleading made in connection with a legal action, the implication is that § 1692e as a whole other than § 1692e(11) applies to formal legal pleadings. Otherwise, the amendment would be merely superfluous, exempting formal legal pleadings from one specific requirement in the act even though legal pleadings were not subject to any provisions of the act already. It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001); *United States v. Michalek*, 54 F.3d 325, 335–36 (7th Cir. 1995). A natural interpretation of that provision which gives meaning to all words is that Congress, post-*Heintz*, envisioned § 1692e of the FDCPA as applying to communications in the

form of legal pleadings as well as communications in other forms such as letters, and that it sought to exempt legal pleadings from only § 1692e(11).

That interpretation is consistent with the purpose of the FDCPA, "to eliminate abusive debt collection practices, to ensure that those debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010); 15 U.S.C. § 1692(e). That purpose would be undermined if the FDCPA was inapplicable to communications that occurred in the context of litigation, particularly in the debt collection area in which judgments are overwhelmingly reached through forfeiture, and thus misleading or deceptive statements are more likely to influence the response of the defendant without ever coming to the attention of the court in any meaningful way. In fact, although we have not previously addressed the question of whether pleadings fall within § 1692e of the FDCPA, we have already decided a number of FDCPA cases alleging FDCPA violations in state court filings (in which this issue was presumably not raised), thus illustrating that the dangers addressed in the FDCPA arise in the context of pleadings just as in other forms of communication. See *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 948 (7th Cir. 2011)(Tinder, J., concurring) and cases cited therein. Accordingly, we hold that representations may violate § 1692e of the FDCPA even if made in court filings in litigation. Accord *Kaymark*, 783 F.3d at 176-77; *Powers*, 776 F.3d at 574; *Miljkovic*, 791 F.3d at 1297; *Stratton*, 770 F.3d at 450; *James*, 724 F.3d at

1316; *Donohue*, 592 F.3d at 1031–32; *Sayyed*, 485 F.3d at 231; *Goldman*, 445 F.3d at 155-56.

We turn then to the question of whether the district court erred in holding that Paragraph 12 was "plainly and clearly not misleading" as a matter of law and dismissing the case on that basis. Dist. Ct. Op. at 8. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including, but not limited to the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e generally and § 1692e(2)(A). In *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006), we noted that a determination of whether a statement is false, deceptive or misleading, like a determination as to whether a statement is confusing under the FDCPA, is a fact-bound determination of how an unsophisticated consumer would perceive the statement. We cautioned in *McMillan* that in determining whether a statement is confusing or misleading, a district court must "tread carefully" because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *Id.* Accordingly, Rule 12(b)(6) dismissal on that issue is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief. *Id.*

In its effort to collect the student loan debt, the debt collectors initially sent each of the consumers a demand letter, which informed them that they were in default on their loan payments and demanded payment of the outstanding balance. Pursuant to § 1692g of the FDCPA, that letter contained a

statement informing the consumers that they had 30 days after receipt of the notice to dispute the validity of the debt, and provided that "[u]nless you dispute this debt, or any portion of it, within 30 days from receipt of this notice, we will assume the debt to be valid." The demand letter instructs the consumer to dispute the debt by either calling a toll free number or submitting a dispute in writing to their law offices.

The debt collectors subsequently filed suit against the consumers and served the consumers with a summons and complaint in that state court action. The summons informed the consumers that they had to file an appearance by a specified date approximately 30 days after issuance, and an answer to the complaint before the time period set forth in the applicable subsections of paragraph 3 or 4 on the reverse side of the summons. Unfortunately, that standard summons form contained an error, in that paragraphs 3 or 4 contain no subsections, and the relevant subsections for the consumers were contained in paragraph 2 on that reverse side of the summons. Paragraph two provided that for amounts less than $10,000, the consumer only needs to file an appearance but not an answer unless otherwise ordered by the court, but that for amounts over $10,000, an answer must be filed no more than 10 days from the appearance date (return date) set forth on the summons. In all capitalized letters for emphasis, the summons also declared that if the consumer failed to do so "A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED." Thus, the summons directs the consumers to the complaint, both in determining the answer and in the relief that could be imposed. The complaint,

however, in paragraph 12 declares: "Pursuant to 11 U.S.C. § 1692g(a), Defendants [consumers] are informed that the undersigned law firm is acting on behalf of Plaintiff [debt collector] to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof." The court erred in holding that the paragraph 12 declaration would not be misleading or deceptive as a matter of law.

Paragraph 12 is misleading to the unsophisticated consumer both as to the proper timing to respond to the complaint and as to the manner of response. A plain reading of the summons and the complaint would cause a consumer to believe that he had until the date in the summons to file an answer and contest the claim, but that beyond the 30-day period in paragraph 12 he could no longer contest the validity or correctness of the debt. Because the 30-day period would expire before the date that the answer had to be filed for each of the litigants, those provisions in conjunction would lead an unsophisticated consumer to believe that he had that 30-day period to dispute the debt and beyond that period he could not dispute that debt in his answer. For each plaintiff in this FDCPA action, the time period for "disputing the debt" was shorter than the time period provided by law for the answer. For instance, for one plaintiff in this FDCPA action, the complaint provided that the debt must be disputed by December 14 while the answer was not due, according to the summons, until December 23. Paragraph 12 thus effectively shortened the time period provided in the summons for the consumer to answer, because the consumer had been told in paragraph 12 that he only had the 30-day period to dispute the

validity or correctness of the debt. That would cause an unsophisticated consumer to believe that beyond that time period in Paragraph 12 for disputing the debt, even if filing an answer, the validity of the debt could no longer be disputed in that answer.

The language used in Paragraph 12 is particularly pernicious in that regard. The language regarding the 30-day dispute period was not merely lifted from the demand letter, which provided that unless the debt was disputed within that 30-day period, "*we* [the debt collector] will assume the debt to be valid." [emphasis added] Nor does that language track § 1692g(a)(3), which provides that if consumers do not dispute the debt within 30 days of the written notice, "the debt will be assumed to be valid *by the debt collector*." The language in Paragraph 12 differs in a material way from those provisions, in that it does not contain the limiting language that the debt will be considered valid *by the debt collector*, instead stating that after the 30-day period "the debt will be considered valid." The presence of such language in a court complaint, cross-referenced in the summons, would lead an unsophisticated consumer to believe that the debt will be considered valid by the *court* if not disputed within that 30 days, because the relevant language that would have limited the assumption to only the debt collector is absent from Paragraph 12, whether intentionally or otherwise. Whether the consumer is a sophisticated or unsophisticated consumer, one cannot say—as the district court did – that reading the summons and paragraph 12 in relation to each other is to interpret it in a "bizarre or idiosyncratic fashion." It is in fact a rational reconciliation of the two provisions.

Magnifying the problem, that sentence regarding the 30-day period to dispute the debt mirrored the earlier demand letter to the consumers informing them of their rights to dispute the debt. The inclusion of that sentence in the complaint would lead an unsophisticated consumer to believe that she must dispute the debt through the procedures outlined in the earlier letter, rather than in an answer in court, or she would forfeit her right to contest the debt. That would place the consumers at risk of losing their rights in court if they disputed the debt through contact with the debt collectors rather than in the form of an answer.

The district court's reading of the provisions illustrates the problem with its analysis. The district court characterizes Paragraph 12 as providing that a consumer could dispute the "debt" and that the "debt" will be valid if not disputed, not as providing that the legal claim to collect it will somehow be resolved. Therefore, according to the district court, the consumer might attempt to dispute the debt directly with the debt-collection firm but could not view that as a sufficient response to the lawsuit. The problem with the court's interpretation is twofold. First, it asks us to assume that an unsophisticated consumer will distinguish the "disputing of a debt" from "disputing a claim to collect that debt." But an unsophisticated consumer is unlikely to distinguish those concepts. In fact, even at oral argument counsel for defendants alternated between stating that the plaintiffs could dispute the debt by answering the complaint and that they could dispute it by contacting the law firm. Given the shortened time frame for disputing the debt set forth in Paragraph 12, the notion that the dispute should be in the form of the answer illustrates the

problem – its 30-day provision would thereby shorten the time for the answer. Moreover, the court acknowledges that the consumer may be led to dispute the debt directly with the debt collector. Yet if a consumer was led to believe that she had to pursue a dispute directly with the debt collector, as the district court acknowledges, then that same consumer is also likely to believe that if she fails to do so within the 30-day period, the debt is assumed to be valid and correct, and cannot be contested in the court action. This is particularly true because, as previously discussed, the wording in paragraph 12 has moved the phrase "by the debt collector" so that it no longer clarifies who will assume the debt to be valid. Finally, paragraph 12 is simply improper in its entirety at this stage of the proceedings, as the failure to dispute the debt will have no impact on the court case. Its presence in the complaint serves no purpose, as conceded by counsel for defendant. Its function in the complaint is only to mislead. In *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009), we recognized that suits alleging deceptive or misleading statements fall within three distinct categories: (1) "cases involving statements that plainly, on their face, are not misleading or deceptive;" (2) "cases involving statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer," for which plaintiffs must produce extrinsic evidence to prove that unsophisticated consumers find the statements to be so; and (3) communications which are plainly deceptive and misleading to an unsophisticated consumer as a matter of law. See also *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016). The district court held that the statements in this case rest within the first category, but they fall

within the third. For the reasons stated above, we hold that Paragraph 12 is misleading and deceptive as a matter of law, and that the district court erred in reaching the opposite conclusion. Accordingly, the district court erred in granting the motion to dismiss.

The decision of the district court is REVERSED and the case REMANDED for further proceedings consistent with this opinion.