## NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 29, 2019
Decided June 28, 2019

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3112

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>LEO STOLLER,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 10-CR-1052<br><br>Virginia M. Kendall,<br>*Judge*. |

**O R D E R**

Leo Stoller pleaded guilty to making a false declaration in a bankruptcy proceeding. He completed both the custodial and supervised release portions of his sentence. On September 10, 2018, six years after his guilty plea, and more than two years after this court affirmed his conviction, Stoller filed a motion asking the district court to clarify whether, as a convicted felon, he is allowed to possess archery equipment, BB guns, or pellet guns. The district court dismissed the motion for lack of jurisdiction. We review that decision *de novo* and come to the same conclusion. *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007).

The entry of a final judgment terminates a district court's jurisdiction. *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017). There are but a few exceptions that would allow a court continuing jurisdiction, and none applies to Stoller. A defendant may file a motion for revision within fourteen days of sentencing. Fed. R. Crim. P. 35. He may file a motion for a new trial based on newly discovered evidence within three years of the verdict or finding of guilt, and within fourteen days for other grounds. Fed. R. Crim. P. 33. A collateral attack under 28 U.S.C. § 2255 must be filed within one year. Stoller has not come before the district court through any of these routes. Nor does he present evidence or arguments that he could do so. His business before the district court in this criminal matter has long since concluded. He is now in the same position as any other convicted felon who is restricted in ability to possess weapons. Whatever remedy he seeks lies elsewhere.[1] See, e.g., *Kanter v. Barr*, 919 F.3d 437, 438 (7th Cir. 2019) (non-violent felon's unsuccessful challenge to felon dispossession statutes under the Second Amendment); *Hatfield v. Barr*, No. 18-2385, 2019 WL 2385570, at *1 (7th Cir. June 6, 2019) (same).

Moreover, the district court also concluded that Stoller failed to identify any issue that was ripe for adjudication. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1988) (internal citations omitted). As such, Stoller's request amounted to an advisory opinion. He seeks advice as to whether, given his conviction for bankruptcy fraud, he is prohibited from owning a bow and arrow, a BB gun, or a pellet gun. Federal courts do not have the power to render advisory opinions. *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994).

Stoller raises an entire kitchen sink full of other issues, but none have any merit. For example, he asks this court to expunge his almost-five-year-old underlying

---

[1] We wonder whether Stoller would be the appropriate plaintiff to bring such a challenge, as his lawyer has argued that he is disabled by "a major mental illness, Alzheimer's Dementia." Appellant's Brief at 8. Illinois law prohibits gun ownership by "A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community," and any "person who has been adjudicated as a person with a mental disability." 430 Ill. Comp. Stat. Ann. 65/8. Courts have time and again noted with approval the longstanding prohibitions on the possession of firearms by felons and those who are not mentally competent. *D.C. v. Heller*, 554 U.S. 570, 626 (2008).

conviction. His brief attempts to relitigate his criminal conviction all the way back to the bankruptcy proceedings, including the presentation of intricate factual claims about the details of his mother's last will and testament. Stoller's criminal case is complete and none of the rules for permitting collateral relief are applicable (and if they were, he does not raise his claim under any of them). He is no longer in custody as required by 28 U.S.C. § 2255. He has not presented newly discovered evidence as required under Federal Rule of Criminal Procedure 33. There is no rule or procedure that would eviscerate a federal court's strict jurisdictional requirements and allow the relitigation of matters long since concluded and final. And whatever a "motion for clarification" might be, it is certainly not the magical key to unlocking the jurisdictional bars under which federal courts operate. The limited jurisdiction of federal courts presents an immovable bar to his attempt to reopen his long-since-concluded criminal matter no matter how that request to reopen is worded. More importantly, none of these arguments was included in his "motion for clarification" filed in the district court, so they have been waived. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810 n.2 (7th Cir. 2016) (arguments not raised in the district court are waived on appeal).

The judgment of the district court is AFFIRMED.