2026 IL App (1st) 250865-U

No. 1-25-0865

Order filed March 5, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TD BANK USA, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2023 M6 010670 |
| | ) | |
| ALLEN DANDRIDGE, | ) | |
| on Behalf of Himself and a Class, | ) | |
| | ) | |
| Defendant, Counterplaintiff, and | ) | |
| Third-Party Plaintiff-Appellant, | ) | Honorable Neil H. Cohen |
| | ) | Judge, Presiding. |
| (Meyer Njus Tanick, PA (PC), | ) | |
| Third-Party Defendant-Appellee). | ) | |

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The circuit court did not err when it granted Appellees' motion to dismiss Appellant's counterclaims under section 2-615 of the Code of Civil Procedure; affirmed.

¶ 2     TD Bank USA, N.A. (TD Bank), filed a complaint against Allen Dandridge, seeking to collect money owed on a Target credit card. Meyer Njus Tanick, PA (PC) (MNT), a law firm, filed the complaint on behalf of TD Bank. Thereafter, Appellant, Allen Dandridge, filed counterclaims against Appellees, TD Bank and MNT, alleging claims of fraud and violations of

the federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. §§ 1692 *et seq.* (2024)), which related to the summons appellees served him. The circuit court granted Appellees' section 2-615 motion to dismiss the counterclaims (735 ILCS 5/2-615 (West 2024)), and Dandridge now appeals that order. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On October 31, 2023, MNT, on behalf of TD Bank, filed a collection action against Dandridge in the Sixth Municipal District, alleging he owed $867.70 on a Target credit card and was in default. On November 27, 2023, appellees served Dandridge with the summons and complaint.

¶ 5          Appellees served Dandridge using a "Small Claims Summons" form approved by the Illinois Supreme Court. At the top left side of the first page of the summons is printed, "System Generated Hearing Date: 4/30/2024 10:00 AM." In section three on the second page of the summons, it stated, "You must attend court on the date below:", and in the space provided below, it is blank. The circuit court of Cook County docket sheet contained in the record shows that the court later "cancelled" the April 30, 2024, court date.

¶ 6          On July 2, 2024, MNT, on behalf of TD Bank, filed a motion for default judgment based on Dandridge's failure to appear. Thereafter, Dandridge filed an appearance and counterclaims, alleging a class-action claim for fraud against both TD Bank and MNT and a class-action claim for violations of the FDCPA against MNT.

¶ 7          In Dandridge's counterclaims, he alleged as follows. TD Bank is a major issuer of credit cards, and MNT is engaged in the business of a debt collector. Dandridge was served with a summons that stated that the recipient "must attend court on the date below" but that date was not filled in. The only future date provided on the summons was the "system generated hearing

date" on the top of the first page, which is obscured by the printed matter on the page. He alleged that no consumer would believe that date to be the "date below" on which attendance is required and that TD Bank's motion for default judgment was the first document he received stating he had to do something by a specific date and time.

¶ 8        Dandridge alleged that MNT filed over 500 collection cases in the circuit court of Cook County during the year prior, most of which were filed on behalf of TD Bank. According to Dandridge, a random sampling of the summonses filed in these cases showed that the summonses do not inform the consumer what is required, causing confusion and leaving the consumer vulnerable to an unfair default. He alleged that MNT then files a motion for default judgment against the consumer on the basis that the consumer failed to comply with the summons. He further alleged that, as a result of these tactics in his case, he was forced to hire counsel and pay an appearance fee.

¶ 9        As for the common law fraud claim, Dandridge alleged that TD Bank and MNT "committed fraud by serving consumers with blank summonses and filing documents alleging that the consumers were in default for failure to comply with nonexistent instructions." According to Dandridge, the consumers "relied on the fraud by not taking action which should have been specified in the summonses," and they were damaged as a result.

¶ 10       As for the FDCPA claim, Dandridge alleged that under section 1692e, a debt collector is prohibited from making any false, deceptive, or misleading representation or means in connection with the collection of any debt (15 U.S.C. § 1692e (2024)) and under section 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt (*id.* § 1692f). He alleged that TD Bank and MNT violated sections 1692e and 1692f "by filing and/or serving summons which omitted a date or deadline for a response, and were misleading."

For each claim, Dandridge alleged class-action allegations, asserting, among other things, that he was bringing the claims on behalf of class members, and he identified members of the class.

¶ 11     On the same day that Dandridge filed his counterclaims, he filed a motion for class certification requesting the court certify his counterclaims as a class action.

¶ 12     In October 2024, in an agreed order, the court granted TD Bank's motion to dismiss its complaint against Dandridge with prejudice. The court also granted Dandridge's motion to transfer his counterclaims to the Chancery Division.

¶ 13     Thereafter, TD Bank and MNT moved to dismiss Dandridge's counterclaims pursuant to section 2-615 of the Code of Civil Procedure (Code). TD Bank and MNT argued that Dandridge failed to plead the elements of a common law fraud claim, including that they made a false statement of material fact, or they knew any such statement was false. TD Bank and MNT also asserted that Dandridge's fraud claims were barred by both the absolute litigation privilege and the qualified attorney privilege. As for the FDCPA claim, TD Bank and MNT argued that Dandridge did not plead facts to show how the failure to include a return date on the second page of the summons was material or misleading, or that he suffered any actual injury as a result. They noted that MNT did not proceed with the default motion and voluntarily dismissed the collection action against him.

¶ 14     In response, Dandridge argued, among other things, that TD Bank and MNT's failure to inform him, and other consumers, in the summons of what they must do to respond is material and misleading and violates the FDCPA. According to Dandridge, MNT's subsequent conduct of filing a motion for default was like "sewer service," which he stated occurs when a plaintiff does not serve a defendant but files a return of service with the court falsely stating that the defendant was served. As for Dandridge's common law fraud claim, he contended he stated a valid fraud

claim, arguing that when a summons does not inform the consumer what is required to respond, the affidavit of service stating that the consumer was properly served and the subsequent default motion against that consumer are both false. In Dandridge's response, he did not seek leave to amend, attach a proposed amended complaint or explain how he could amend to cure any deficiencies.

¶ 15    In reply to their motion to dismiss, TD Bank and MNT asserted that, unlike "sewer service," here, Dandridge was served, and there was no allegation that MNT filed a false return of service. They further argued that the omission of a return date on the second page of a properly served small claims summons that contains a court generated hearing date on the first page is insufficient to find a violation of the FDCPA.

¶ 16                                 Circuit Court's Order

¶ 17    In a written order, the court granted TD Bank and MNT's motion to dismiss Dandridge's counterclaims with prejudice. In doing so, the court concluded that Dandridge's claim for common law fraud did not allege that TD Bank or MNT made any misrepresentation, noting that the "failure to include a court date does not constitute a false statement of material fact, especially where the date was included on the front page of the summons." The court also concluded that Dandridge's claim did not allege a claim for fraudulent concealment. The court highlighted that TD Bank and MNT did not conceal any facts from Dandridge, as the summons included the court date on the front page, and they had no duty to disclose, as they had no fiduciary or special relationship with Dandridge.

¶ 18    As for Dandridge's FDCPA claim, the court concluded that MNT made no false, deceptive, or misleading representations. The court stated that the "summons provided Dandridge with the correct court date assigned by the Clerk of the Circuit Court of Cook County." The court

also concluded that MNT did not use unfair or unconscionable means to collect debt. It reasoned that the first page of the summons included the date upon which Dandridge was to appear, and the failure to also include that date on the second page did not constitute unfair or unconscionable conduct.

¶ 19    The court also struck Dandridge's motion for class certification as moot, concluding that because he could not state any individual cause of action, he could not maintain a class action.

¶ 20    This appeal follows.

¶ 21                                II. ANALYSIS

¶ 22    On appeal, Dandridge contends that the circuit court erred in dismissing his claims for common law fraud and violations of the FDCPA. As previously discussed, the court granted TD Bank and MNT's motion to dismiss under section 2-615 of the Code, finding that Dandridge did not sufficiently plead claims for common law fraud and violations of the FDCPA.

¶ 23    A motion to dismiss brought under section 2-615 "challenges the complaint's legal sufficiency." *Ash v. PSP Distribution, LLC*, 2023 IL App (1st) 220151, ¶ 18. When ruling on a section 2-615 motion to dismiss, the question is whether "the allegations of the complaint, construed in the light most favorable to the petitioner, state sufficient facts to establish a cause of action upon which relief may be granted." *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 25. The court, when making this determination, must take all well-pleaded facts in the complaint as true. *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). A section 2-615 motion "does not raise affirmative factual defenses but alleges only defects on the face of the complaint." *Yoon Ja Kim v. James Jh Song*, 2016 IL App (1st) 150614-B, ¶ 41. "A court should not dismiss a complaint pursuant to section 2-615 unless no set of facts can be proved that would entitle the plaintiff to recovery." *Mathis v. Yildiz*, 2023 IL App (1st) 221703, ¶ 16. Our review of a circuit court's

dismissal under section 2-615 is *de novo*. *Id.* ¶ 17. Under this standard, we "perform the same analysis as the circuit court." *Id.*

¶ 24 Here, Dandridge challenges the circuit court's order dismissing his claims for common law fraud and violations of the FDCPA. We first address the common law fraud claim.

¶ 25 To plead a cause of action for common law fraud, a plaintiff must allege: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496 (1996). "A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." *Id.* at 496-97. "This sets a high standard of specificity for claims of common-law fraud." *Ash*, 2023 IL App (1st) 220151, ¶ 22.

¶ 26 In Dandridge's counterclaim, he alleged that TD Bank and MNT committed fraud by "serving consumers with blank summonses and then filing documents alleging that the consumers were in default for failure to comply with nonexistent instructions." To support his argument that he sufficiently alleged a claim for fraud, Dandridge argues that, because the return date was blank in the summons, he never received any instruction on the date by which he must take action to avoid default. He argues, therefore, that the motion for default judgment contained a false statement, as TD Bank and MNT alleged that he defaulted by failing to take action.

¶ 27 Dandridge's fraud claim does not sufficiently allege that TD Bank or MNT made a false statement of material fact. Dandridge argues that TD Bank and MNT served him a summons that contained a blank return date. However, the first page of the summons provided a return date

and time, as it states on the top left corner, "System Generated Hearing Date: 4/30/2024 10:00 AM." TD Bank and MNT's failure to include that date in the space provided on the second page of the summons is not a false statement of material fact. Likewise, the failure to include that return date on the second page of the summons does not show that they knowingly made a false statement of material fact in their motion for default judgment when they moved for default judgment based on Dandridge's failure to appear. Accordingly, because Dandridge's allegations do not sufficiently allege that TD Bank and MNT knowingly made a false statement of material fact, he did not plead sufficient allegations to state a cause of action for fraud.

¶ 28      Dandridge argues that TD Bank and MNT had a duty to disclose the date upon which a defendant must appear in court and they omitted key information necessary to avoid misleading him into default.

¶ 29      To state a cause of action for fraudulent concealment, "a plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Connick*, 174 Ill. 2d at 500. A duty to disclose may arise in two situations: "(1) where the plaintiff and the defendant are in a fiduciary or confidential relationship and (2) where the defendant is placed in a position of influence and superiority as a result of the plaintiff's trust and confidence." *Moore v. Pendavinji*, 2024 IL App (1st) 231305, ¶ 33. A "position of superiority 'may arise by reason of friendship, agency, or experience.' " *Id.* (quoting *Connick*, 174 Ill. 2d at 500). "A failure to establish a fiduciary or special relationship, giving rise to a duty to speak, is fatal to a claim of fraudulent concealment." *Id.*

¶ 30      We first note, as previously discussed, the first page of the summons provided a return date and time at the top of the page, as it states, "System Generated Hearing Date: 4/30/2024 10:00 AM." The fact that TD Bank and MNT did not include that date in the space provided on the

second page is not sufficient to show that they concealed a material fact. Further, in Dandridge's complaint, he did not allege any facts to support that TD Bank and MNT had a fiduciary or special relationship with Dandridge that would give rise to a duty to disclose. We note that Dandridge asserts that a duty to disclose exists under statutes, rules, and regulations, and he cites cases addressing disclosures under the Residential Real Property Disclosure Act (765 ILCS 77/35 (West 2024)) and in bankruptcy proceedings, both of which do not apply here. Accordingly, Dandridge's fraud claim did not plead sufficient allegations to state a claim for fraudulent concealment.

¶ 31    We now turn to Dandridge's claim that the court erred when it dismissed his claim alleging violations of the FDCPA.

¶ 32    The elements for a claim under the FDCPA include: "(1) the plaintiff is a 'consumer' as defined by the FDCPA; (2) the debt arose out of transactions for personal, family, or household purposes; (3) the defendant is a 'debt collector' as defined by the FDCPA; and (4) the defendant violated a prohibition of the FDCPA." *Morris v. TrueAccord, Inc.*, 2025 IL App (1st) 250706, ¶ 17.

¶ 33    Dandridge alleged that MNT violated sections 1692e and 1692f of the FDCPA by "filing and/or serving summons which omitted a date or deadline for a response, and were misleading." Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2024); *HBLC, Inc. v. Egan*, 2016 IL App (1st) 143922, ¶ 28. Section 1692e sets forth a list of conduct that violates this section, including "[t]he false representation of *** the character, amount, or legal status of any debt" (15 U.S.C. § 1692e(2)(A) (2024)), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt ***." *Id.* § 1692e(10); *HBLC*, 2016 IL App (1st) 143922, ¶ 28. Under section 1692f, "[a] debt collector may

9

not use unfair or unconscionable means to collect or attempt to collect any debt," and it sets forth certain conduct that violates this section. 15 U.S.C. § 1692f (2024); *HBLC*, 2016 IL App (1st) 143922, ¶ 28.

¶ 34 The United States Court of Appeals for the Seventh Circuit has explained that, when reviewing "whether a communication is 'false, deceptive, or misleading,' " the disputed language is reviewed "from the objective standpoint of an 'unsophisticated debtor.' " *Johnson v. Enhanced Recovery Co.*, *LLC*, 961 F.3d 975, 982 (7th Cir. 2020) (quoting *Heredia v. Capital Management Services, L.P.*, 942 F.3d 811, 815 (7th Cir. 2019)). Under this standard, "[t]he hypothetical unsophisticated consumer is uninformed, naïve, and trusting, but has rudimentary knowledge about the financial world" (*O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 344 (7th Cir. 2018)) and "is wise enough to read collection notices with added care." *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). The unsophisticated consumer is also "capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense." *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009).

¶ 35 Dandridge argues that the blank summons is misleading to unsophisticated consumers and that confusing or inaccurate statements in litigation papers as to when and how the consumer must respond violate the FDCPA.

¶ 36 Applying the principles above, Dandridge has not pled sufficient allegations to support a claim for violations of the FDCPA. As previously discussed, the top left corner on the first page of the summons provided the court date and time, and the courtroom number is given on the top right. The second page of the summons included MNT's contact information as well as the

courthouse address and circuit clerk's phone number. The failure to include the return date on the second page in the space provided for the return date and time is not false, deceptive, or misleading to an unsophisticated consumer, who is "wise enough to read collection notices with added care." *Boucher*, 880 F.3d at 366. Likewise, where the return date, time and courtroom number are provided on the first page of the summons, Dandridge has not pled sufficient allegations to support that MNT's failure to include the return date on the second page of the summons in the blank space provided is unfair or unconscionable conduct in violation of the FDCPA. Accordingly, Dandridge did not sufficiently plead a claim for violations of the FDCPA.

¶ 37    Dandridge asserts that "sewer service," which occurs "where a debt collector obtains a default judgment by purporting to serve the consumer but not doing so in fact—has repeatedly been recognized as unfair practice." Here, however, Dandridge was served with the summons and complaint. The Sheriff's Office affidavit of service contained in the record shows he was served by substitute service on November 27, 2023. Accordingly, unlike "sewer service," TD Bank and MNT did not falsely state that they served the consumer when they did not actually do so.

¶ 38    Dandridge relies on *Marquez v. Weinstein, Pinson & Riley*, *P.S.*, 836 F.3d 808 (7th Cir. 2016), to support his argument that the summons is misleading to unsophisticated consumers. In *Marquez*, the United States Court of Appeals for the Seventh Circuit reviewed whether paragraph 12 contained in the complaint was misleading or deceptive. *Id.* at 809-10. That paragraph stated that, "[p]ursuant to 11 U.S.C. § 1692g(a), Defendants are informed that the undersigned law firm is acting on behalf of Plaintiff to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof." *Id.* at 810. The summons, however, stated that the consumers had to "file an appearance by a specified date approximately 30 days after the issuance," and "an answer to the

complaint before the time period set forth in the applicable subsections of paragraphs 3 or 4 on the reverse side of the summons." *Id.* at 812-13. There was an error in the summons such that the applicable subsections were contained in paragraph two, which provided what was required of the consumer for filing an answer based on the amount of debt allegedly owed. *Id.* at 813.

¶ 39 The court concluded that "[a] plain reading of the summons and the complaint would cause a consumer to believe that he had until the date in the summons to file an answer and contest the claim, but that beyond the 30-day period in paragraph 12 [of the complaint] he could no longer contest the validity or correctness of the debt." *Id.* at 813. The court explained that the time period set forth in paragraph 12 of the complaint for "disputing the debt" was "shorter than the time period provided by law for the answer." *Id.* The court also noted that the language regarding the 30-day period to dispute the debt in the complaint mirrored the debt collector's earlier demand letter, and that "[t]he inclusion of that sentence in the complaint would lead an unsophisticated consumer to believe that she must dispute the debt through the procedures outlined in the earlier letter, rather than in an answer in court, or she would forfeit her right to contest the debt." *Id.* at 814. The court found that paragraph 12 in the complaint was misleading and deceptive "both as to the proper timing to respond to the complaint and as to the manner of response." *Id.* at 813.

¶ 40 Here, unlike *Marquez*, the complaint did not provide instructions on the time period for disputing the debt, and the complaint and summons do not contain inconsistent instructions on how to respond to the complaint. Rather, the summons provided information on the date that Dandridge must attend court as well as the courthouse address and room number. As previously discussed, the first page of the summons provided the court hearing date and time as well as a courtroom number, and the second page provided the courthouse address as well as contact information for the plaintiff's attorney and the clerk's office. *Marquez* is therefore distinguishable.

12

¶ 41 We note that Dandridge also asserts that TD Bank and MNT's pattern of using blank summons was deceptive and unfair in violation of the FDCPA. To the extent Dandridge is asserting argument regarding his class-action allegations, we will not address the argument. Dandridge must have a cause of action before we determine whether he met the requirements for a class action. See *Bayeg v. Admiral at the Lake*, 2024 IL App (1st) 231141, ¶ 27 ("[w]hether the named plaintiff has a cause of action is a threshold question" and, "[i]f the plaintiff has no cause of action, there is no need to reach" the analysis regarding whether the class certification requirements have been met).

¶ 42 Lastly, TD Bank and MNT filed a motion for leave to file a sur-response to Dandridge's reply brief, or alternatively, strike improper arguments made, which we took with the case. They asserted that Dandridge's reply brief improperly raised several new arguments that were not addressed in his opening brief. In response, Dandridge asserts that his reply brief directly responded to matters raised in the response brief. Under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), points not argued in the opening brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." To the extent Dandridge raised any improper argument in his reply brief, we did not consider it. TD Bank and MNT's motion to file sur-response to Dandridge's reply brief, or alternatively, strike improper arguments is denied.

¶ 43                                    III. CONCLUSION

¶ 44 In sum, the circuit court did not err in dismissing Dandridge's counterclaims for fraud and violations of the FDCPA. For the reasons explained above, we affirm the circuit court's judgment.

¶ 45 Affirmed.

13