**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Case No. 17-2244
_____

ROBERT A. SCHULTZ, JR.;
DONNA SCHULTZ, on behalf of themselves and
those similarly situated,

Appellants

v.

MIDLAND CREDIT MANAGEMENT, INC.;
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-04415)
District Judge: Hon. Jose L. Linares
_____

Argued January 23, 2018
_____

Before:  HARDIMAN, VANASKIE, and SHWARTZ,
*Circuit Judges*

(Opinion Filed: September 24, 2018)

Cary L. Flitter, Esq.
Andrew M. Milz, Esq. [ARGUED]
Flitter Milz
450 North Narberth Avenue
Suite 101
Narberth, PA 19072

Yongmoon Kim, Esq.
Kim Law Firm
411 Hackensack Avenue
Suite 701
Hackensack, NJ 07601
        *Counsel for Plaintiffs-Appellants Robert A. Schultz, Jr.*
        *and Donna Schultz*


Han Sheng Beh, Esq.
Ellen B. Silverman, Esq.
Hinshaw & Culbertson
800 Third Avenue
13th Floor
New York, NY 10022

Joel D. Bertocchi, Esq.
David M. Schultz, Esq. [ARGUED]
Hinshaw & Culbertson
151 North Franklin Street
Suite 2500
Chicago, IL 60606
        *Counsel for Defendant-Appellee Midland Credit*
*Management, Inc.*

_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

The question before us in this matter is whether a statement in a debt collection letter to the effect that forgiveness of the debt may be reported to the Internal Revenue Service constitutes a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.* The District Court concluded that the statement found in dunning letters sent by Appellee Midland Credit Management Inc., ("Midland") to Appellants Robert A. Schultz, Jr., and his wife, Donna (the "Schultzes") could not constitute a violation of the FDCPA, and dismissed their putative class action complaint. We disagree, and hold that the statement in question may violate the FDCPA. Accordingly we will reverse the dismissal of this action and remand for further proceedings.

I.

On four dates in 2015—July 21, August 24, September 2, and October 23—Midland sent letters to Robert Schultz, Jr., attempting to collect three separate outstanding debts that had been outsourced to Midland for collection after Robert had defaulted on them. On August 24 and October 23, 2015, Midland sent Donna Schultz separate letters likewise attempting to collect a separate outstanding debt from her. None of the Schultzes debts exceeded $600. Each letter offered to settle the amount of indebtedness for less than the

3

full amount owing.[1]  Four of the letters noted that "[i]f you pay your full balance we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance."  (App. 24, 30, 32, 36).  All of the aforementioned letters contained the following language: "We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations.  Reporting is not required every time a debt is canceled or settled, and might not be required in your case." (App. 17).  Since the Department of the Treasury only requires an entity or organization to report a discharge of indebtedness of $600 or more to the IRS, and because each of the debts linked to the Schultzes was less than $600, the Schultzes claimed that the inclusion of the foregoing language was "false, deceptive and misleading" in violation of the FDCPA, (App. 18), which broadly prohibits the use of any false, deceptive, or misleading representation in connection with the collection of any debt.  *See* 15 U.S.C. § 1692e.

On July 20, 2016, the Schultzes filed a putative class action complaint on behalf of themselves and others similarly situated asserting violations of the FDCPA.  Midland moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss on the ground that the Schultzes failed to plead a plausible violation of the FDCPA.  The District Court granted Midland's motion on May

---

[1] All but one of the letters offered a 10% discount on the indebtedness if prompt payment was made. For example, the July 21, 2015 letter to Robert offered to settle the amount then due—$389.59—for $350.64 if that amount was paid by August 20, 2015.  (App. at 24).  The October 23, 2017 letter to Donna offered a 40% discount on the amount then due, $479.83.  (*Id.* at 36).

8, 2017, concluding that the Schultzes indeed failed to plausibly allege a violation of the FDCPA because the language set forth in the dunning letters was not "deceptive" or "otherwise violative of the FDCPA." (App. 8). In the District Court's view, the language:

> [did] not threaten the reader of the letter with a legal action that cannot be taken, nor [did] the letter include any false or deceptive statements designed to enhance its ability to collect the outstanding debt. Rather, Defendant's letter, when read in its entirety by the least sophisticated consumer, [could] only have one interpretation. That interpretation is simply that, in certain circumstances, debt settlement and/or discharge] may be reportable to the IRS, not all settlements and/or discharges are reportable, and that the subject statement may not be applicable to the reader.

(App. 8-9).[2] The Schultzes timely appealed the District Court's ruling to our Court.

---

[2] Midland had also filed a Motion to Compel Arbitration in this matter because it maintained that the claims raised in Mr. Schultz's original complaint, concerning the Synchrony Bank/Lowe's indebtedness of $389.59, were

5

II.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We afford plenary review to a district court's order granting a motion to dismiss for failure to state a claim. *Black v. Montgomery Cty.*, 835 F.3d 358, 364 (3d Cir. 2016).

III.

Congress enacted the FDCPA in 1977 after noting the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *see also Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). The Act's purpose is twofold: It seeks not only to eliminate abusive practices by debt collectors, but also "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Brown,* 464 F.3d at 453 (quoting 15 U.S.C. § 1692(e)).

The portion of the FDCPA relevant here, § 1692e, states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the

---

subject to an Arbitration Clause in the pertinent credit card agreement. (App. 63). The District Court, after granting Midland's dismissal motion, declined to address Defendant's Motion to Compel Arbitration, owing to mootness. (*Id.* at 9). Because we are remanding, this issue should be reviewed in the first instance by the District Court.

collection of any debt." The section goes on to describe the following as violations of the FDCPA:

> The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . .
>
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*Id.* §§ 1692e(5), (10). Whether a collection letter is "false, deceptive, or misleading" under § 1692e is determined from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 453. In *Brown*, we articulated the standard for deception under § 1692e as follows:

> The least sophisticated debtor standard requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect all

consumers, the gullible as well as
the shrewd, the trusting as well as
the suspicious, from abusive debt
collection practices.

*Id.* at 454 (citations and internal quotation marks omitted). The plaintiff's burden is low under this objective standard. She need not prove that she was confused or misled, but only that the least sophisticated consumer would be. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015).

On appeal, the Schultzes argue that by including the language, "[w]e will report forgiveness of debt as required by IRS regulations," Midland presented a false or misleading view of the law—one designed to scare or intimidate the Schultzes into paying the outstanding debts listed on the debt collection letters even though Midland knew that any discharge of the Schultzes' debt would not result in a report to the IRS. We agree.

Here, the reporting requirement under the Internal Revenue Code is wholly inapplicable to the Schultzes' debts because none of them totaled $600 or more, and IRS regulations clearly state that only discharges of debt of $600 or more "must" be included on a Form 1099-C and filed with the IRS. *See* 26 C.F.R. § 1.6050P-1(a).[3] By including the reporting language on collection letters addressing debts of less than $600, we believe that the least sophisticated debtor might

---

[3] Significantly, "multiple discharges of indebtedness of less than $600 are not required to be aggregated." 26 C.F.R. §1.6050P-1(a)(2).

be persuaded into thinking that the discharge of any portion of their debt, regardless of amount discharged, may be reportable.

Midland argues that, in order to conclude that a consumer would be misled by this statement, one would have to read the first sentence in isolation while paying no attention to the second qualifying statement—*i.e.*, that "[r]eporting is not required every time a debt is canceled or settled, and might not be required in your case." (App. 17). However, even with this qualifying statement, the least sophisticated debtor could be left with the impression that reporting *could* occur. Indeed, this is precisely what happened in the Schultzes' case—there was no possibility of IRS reporting in light of the fact that the debt was less than $600, but use of the conditional "might" suggested that reporting was a possibility.

Midland argues that if we were to adopt the Schultzes' interpretation of the language contained in the letters, we would essentially give credence to a "bizarre or idiosyncratic" interpretation of the letters, which does not preserve "a quotient of reasonableness and . . . a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000). For Midland, the use of the conditional "might" should signal to the least sophisticated debtor that only under certain circumstances will reporting occur. The problem with this argument, however, is that, for the Schultzes, under *no* set of circumstances will reporting ever occur. As we held in *Brown,* even if the language in a letter is true, it can still be deceptive where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." 464 F.3d at 455 (citation omitted). And the facts here are not so different than those in *Brown,* such that our holding here should be different. In *Brown*, a debt collector suggested that if a debtor did not pay

9

her outstanding debt within five days it could result in a lawsuit against her. *Id.* at 451-53. While the debt collector had the authority to bring such a suit, because five days passed and it failed to do so and rarely had done so in the past, the threat of legal action was considered deceptive in violation of the FDCPA. *Id.* at 455 (stating that "it would be deceptive under the FDCPA for [the debt collector] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before" and that "where the debt collector 'has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading'" (citation omitted)).

The FDCPA sweeps broadly—it is not just outright lies that it condemns. As the Ninth Circuit held in *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011), anytime a debt collector includes "language in a debt collection letter [that] can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." Similar to *Brown*, although even more egregious, *Gonzales* dealt with a debt collector who had bought up years of debts owed to health clubs, all of which were more than seven years old, and thereby pursuant to the Fair Credit Reporting Act, ineligible for reporting to a credit reporting agency. *Id.* at 1059. In its collection notices, the following statement was made: "[I]f we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." *Id.* (emphasis omitted). Because there was no possible way that all of the debts could be legally reported, the Ninth Circuit deemed this statement misleading. *Id.* at 1063. The Court went on to say that "[w]here the law places affirmative limits on a debt collector's actions, the debt

10

collector that 'goes perilously close to an area of proscribed conduct takes the risk' that it will be liable under the FDCPA for misleading consumers." *Id.* at 1063 (citation omitted). And, of particular note, the Court also stated "[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Id.*; s*ee also Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 301 (3d Cir. 2008) ("in certain contexts a completely accurate statement can be deceptive or misleading").[4]

---

[4] Several district courts in our Circuit have found similar collection letter language to be sufficiently deceptive to survive a motion to dismiss. *See, e.g.*, *Disla v. Northstar Location Servs., LLC*, No. 16-cv-4422, 2017 WL 2799691, at *1, *4 (D.N.J. June 27, 2017) (concluding that the statement "Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service" could be misleading because the "language does not accurately reflect 26 C.F.R. § 1.6050P-1 because it discusses no exceptions to the reporting requirement") (emphasis omitted); *Medina v. Allianceone Receivables Mgmt., Inc.*, No. 16-4664, 2017 WL 220328, at *2 (E.D. Pa. Jan. 19, 2017) (finding that the statement "Department Store National Bank will report forgiveness of debt as required by IRS regulations" to be deceptive because "[a] reasonable recipient of the letter could rightly interpret *as* to mean not *when* but *because*" and thereby understand the IRS reporting requirement to be mandatory even though exceptions may apply); *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 744, 748 (E.D. Pa. 2014) (finding the statement that "GE CAPITAL RETAIL BANK is required to file a form 1099C with the Internal

11

The Seventh Circuit has held that "a dunning letter is false and misleading if it 'impl[ies] that certain outcomes might befall a delinquent debtor, when legally, those outcomes cannot come to pass.'" *Boucher v. Fin. Sys. of Green Bay, Inc*., 880 F.3d 362, 367 (7th Cir. 2018) (quoting *Lox v. CDA Ltd.,* 689 F.3d 818, 825 (7th Cir. 2012)). Thus, it is not merely the inclusion of a lie but also incomplete or inapplicable language in a collection letter that may form the basis for a potential FDCPA violation.[5]

Finally, we would be remiss if we did not address two cases that Midland submitted in support of its position after oral argument: *Ceban v. Capital Management Services, L.P.*, No. 17-CV-4554 (ARR) (CLP), 2018 WL 451637, at *1 (E.D.N.Y. Jan. 17, 2018), and *Antista v. Financial Recovery*

Revenue Service for any cancelled debt of $600 or more" to be deceptive because exceptions may apply).

[5] Midland argues that including tax consequence language in a letter can be helpful to the consumer, as it gives the debtor more information to make an informed choice about what to do with a debt. Yet, as Midland also concedes, the Second Circuit has already held that "a debt collector need not warn of possible tax consequences when making a settlement offer for less than the full amount owed to comply with FDCPA." *Altman v. J.C. Christensen & Assocs., Inc*., 786 F.3d 191, 192 (2d Cir. 2015). Furthermore, the suggestion that forgiveness of the debt may be reported to the IRS could compel the unsophisticated debtor to pay the full amount of the indebtedness to avoid having to deal with the potential tax ramifications when debt forgiveness is reported to the IRS.

*Services*, No. 2:17-cv-3567 (WJM), 2017 WL 259771, at *1 (D.N.J. Jan. 2, 2018). In *Ceban*, the district court held that the statement "[t]his settlement may have tax consequences" was not false, deceptive, or misleading. "[T]he statement simply—and correctly—put plaintiff on notice that a settlement 'may' have tax consequences. *Ceban*, 2018 WL 451637, at *7. In *Antista,* the court held that we must presume that even the least sophisticated debtor can distinguish between "may" and "must" when it comes to any statement regarding the IRS reporting requirement. *Antista*, 2018 WL 259771, at *3.

Neither case is persuasive. First, *Ceban* dealt with a debt that was over $600. Therefore, the district court's analysis was written in reference to a completely different set of circumstances than those applicable to the Schultzes in this case. Second, even if we accept *Antista*'s statement that the least sophisticated debtor can distinguish between "may" and "must", the circumstances in our case demonstrate that the language at issue references an event that would never occur, distinguishing it from *Antista*. Here, it is reasonable to assume that a debtor would be influenced by potential IRS reporting and that, if that reporting cannot come to pass, it could signal a potential FDCPA violation regardless of the use of conditional language.

While we recognize that Midland, like many debt collection companies, uses form letters when contacting its debtors, we must reinforce that convenience does not excuse a potential violation of the FDCPA. We therefore are obligated to reverse the order of the District Court granting Midland's motion to dismiss, as a reasonable juror may find a violation of the FDCPA in this instance.

13

## IV.

Based on the foregoing, we will reverse the May 8, 2017, Order of the District Court as we find that the Schultzes have pled sufficient factual allegations that state a plausible claim upon which a court may grant relief under the FDCPA. We will therefore remand for further proceedings consistent with this opinion.