In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1296

MABEL L. HEREDIA,

*Plaintiff-Appellant,*

*v.*

CAPITAL MANAGEMENT SERVICES, L.P.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:17-cv-00284-WCG — **William C. Griesbach**, *Judge.*

ARGUED SEPTEMBER 20, 2019 — DECIDED NOVEMBER 8, 2019

Before WOOD, *Chief Judge*, and MANION and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. Capital Management Services, L.P. (CMS) is a debt collector, and therefore regularly sends out dunning letters to debtors hoping to collect past-due debts. The Fair Debt Collection Practices Act (FDCPA) highly regulates the content of those letters to prevent debt collectors from using abusive practices that prey on vulnerable debtors. See 15 U.S.C. § 1692(e). Mabel L. Heredia received four

collection letters from CMS—and claims that the language in this correspondence violated the FDCPA. CMS disagreed and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the district court granted. Upon our de novo review (see *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810 (7th Cir. 2016)), we find that Heredia has plausibly alleged that the dunning letter violated the FDCPA. We therefore reverse the order dismissing the matter and remand to the district court for further proceedings.

**I.**

Because this case comes before us on a motion to dismiss, we must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Marquez,* 836 F.3d at 810. Generally, the question of whether a disputed statement is false, deceptive, or misleading is a fact-laden one and therefore a district court may not dismiss a complaint unless the disputed statement is plainly, on its face, not misleading or deceptive. *Dunbar v. Kohn Law Firm, S.C.,* 896 F.3d 762, 765 (7th Cir. 2018). In *Marquez*, we noted that:

> [I]n determining whether a statement is confusing or misleading, a district court must tread carefully because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects. Accordingly, Rule 12(b)(6) dismissal on that issue is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief.

*Marquez,* 836 F.3d at 812 (internal citations omitted). With this standard in mind, we turn to the specifics of this case.

## II.

Like most debt collectors, CMS sends out form letters to debtors hoping to convince them to pay what they owe on their debt. But, of course, most debt collectors, in reality, would be happy to receive any amount of money from a debtor. This is so because, by the time a debt collector gets involved in the collection process, many of the debts will be unrecoverable. Although CMS sends form letters, it personalizes those letters, offering an individualized payment option, and often multiple options, to debtors to clear their debt. For example, CMS sent a letter to Heredia, dated November 11, 2016, which stated:

> In an effort to liquidate as many files as possible, we are making the following settlement offers:
>
> A.      29% reduction of your present balance to the amount of $1343.63, if paid in full on or before 11/30/2016. (A savings of: $548.80)
>
> B.      24% reduction of your present balance to the amount of $1438.25. The first payment of $719.13 or more is due on or before 11/30/2016. The second and final payment of $719.12 or more is due on or before 12/30/2016. (A savings of: $454.18)
>
> C.      19% reduction of your present balance to the amount of $1532.87. The first payment of $510.96 or more is due on or before 11/30/2016.

> The second payment of $510.96 or more is due on or before 12/30/2016. The third and final payment of $510.95 or more is due on or before 01/30/2017. (A savings of $359.56)

> ***

> Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing.

R. 32 at 25. CMS sent Heredia three other letters dated October 5, 2016, December 7, 2016, and January 5, 2017, but the letter above is the most pivotal to the resolution of this matter, as we will explain below.

The language at the crux of this lawsuit is the part of the sentence which contains the following six words: "Discover may file a 1099C form." (We will refer to this as the "1099C Clause.") That statement does not occur in a vacuum, but rather, it is the clause that follows on the heels of the one stating that "[s]ettling a debt for less than the balance owed may have tax consequences." (We will refer to this as the "Tax Consequences Clause.") The question presented by this lawsuit is whether the 1099C Clause violated the FDCPA.

Heredia alleged that CMS violated sections 1692e and 1692f of the FDCPA. Language in a dunning letter violates section 1692e of the FDCPA if the creditor used false, deceptive, or misleading representation or means in connection with the collection of debt. 15 U.S.C. § 1692e(10). And under section 1692f, a debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The language of a collection letter can be literally true and still be misleading in a way that violates the Act. *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 344 (7th Cir. 2018). When evaluating "false, deceptive or misleading" or "unfair or unconscionable," we view the disputed language from the objective point of view of an "unsophisticated debtor." In this circuit we have had much to say about this hypothetical unsophisticated debtor. Her knowledge is not as great as that of a federal judge but is more than that of the least sophisticated consumer. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). She is "uninformed, naive, or trusting," but at the same time "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Id.* (internal citations omitted). And although "our unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Id.* "The Act protects the unsophisticated debtor, but not the irrational one." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000).

As is often the case, a good place to begin our legal analysis is with that which is settled. Recently, in *Dunbar*, 896 F.3d at 762, we evaluated a very similar tax consequences clause. That clause stated, "NOTICE: This settlement may have tax consequences." *Id.* at 764. We held that this "tax-consequences warning is literally true and not misleading under the objective 'unsophisticated consumer' test," and thus did not violate the FDCPA. *Id.* at 768. This was so even though the debtors at issue in that particular case were insolvent and would not have had to pay taxes on any discharged debt. *Id.* at 764. We

noted that the word "may" does not mean "will," and that therefore the statement is true on its face. *Id.* at 765. We also found that the clause was not misleading because, among other reasons, an insolvent debtor can become solvent at any moment and "a debt collector has no reason or way to know whether an individual debtor is solvent or insolvent at a given time." *Id.* at 766. In other words, by saying "may" rather than "will," the debt collector described an accurate scenario. Settlement may or may not have tax consequences depending on the financial situation of the debtor, and that information is only in the hands of the debtor herself, and not the debt collector.

Information about filing a 1099C form, on the other hand, is information within the knowledge of the creditor. This makes the 1099C Clause materially different than the tax consequences clause at issue in *Dunbar*. Only the debtor knows whether, given her financial situation as a whole, she will have to pay taxes on the forgiven debt. The creditor, however, knows whether it will have to file a 1099C form or not. The Internal Revenue Service requires a creditor to file a 1099C form if it has forgiven at least $600 in principal. 26 C.F.R. § 1.6050P-1(a) & (d)(2)–(3); 26 U.S.C. § 6050P. The creditor knows for certain whether it is offering to forgive more or less than $600 in principal. The debtor, on the other hand, may have a difficult time determining how much she owes in principal versus interest, as the dunning letter may not identify the amount of each. This was certainly the case in CMS's letter. Although we know that Heredia owed a balance of $1,892.43, even now as the case has wound its way to this

court, we still do not have a clear statement about the amount of principal that CMS was willing to forgive.[1]

To summarize the law, it is permissible for a creditor to make a "may" statement if there is any possibility that an event might happen. *Dunbar*, 896 F.3d at 765 ("An unsophisticated consumer would not understand the word 'may' to mean 'will.'"). And thus *Dunbar* holds that it is permissible for a creditor to say, "Settling a debt for less than the balance owed may have tax consequences." *Id.* at 768.

On the other hand, it is impermissible for a creditor to make a "may" statement about something that is illegal or impossible. And so, for example, a creditor may not state that "a court could allow … attorney fees" where the contract between the debtor and creditor did not provide for them. *Lox v. CDA, Ltd.*, 689 F.3d 818, 824, 826 (7th Cir. 2012). Nor may a creditor state that late charges might apply when legally, they could not. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018).

Although it is not technically illegal or impossible for Discover to file a 1099C form with the IRS if the amount is under $600, "a collection letter can be literally true" and still misleading. *Dunbar*, 896 F.3d at 765. Heredia alleges, and the defendants do not dispute, that Discover would never file a 1099C form with the IRS unless required to do so by law—

---

[1] Because we do not know which portion of the offer was principal, we cannot make a determination as to whether the December and January letters also contained false, deceptive, or misleading statements. In December, CMS made a single offer to save Heredia $738.05 and in January, the offer stated that she would save $927.29. We do not know if the amount of principal forgiven in either case would have been $600 or more. This is a matter for fact-finding on remand, if it becomes relevant.

that is, unless it was forgiving $600 or more of principal. In the case of the November 11, 2016 letter, Discover would never file a 1099C form regardless of which settlement offer Heredia accepted, because in no circumstances would Discover be forgiving at least $600 in principal (the amounts it would be forgiving would be $548.80, $454.18, or $359.56 in combined interest and principal, depending on which option Heredia chose).[2] In regard to the November 11 letter, therefore, Heredia could plausibly allege that it is, in fact, misleading to state that Discover *may* file a Form 1099C, when it never would. And unlike the situation in *Dunbar*, the debt collector has within its own knowledge all of the information it needs in order to know whether such a form will or will not be required.

In this case, CMS was sending out individualized form letters with settlement offers tailored to each recipient's debt. It had both the knowledge (or at least the ability to acquire the knowledge) and capability to include the 1099C Clause in situations in which it would be forgiving at least $600 in principal and to exclude the clause for less than $600. This was not true in the *Dunbar* case, where the debt collector could not

---

[2] The December 7, 2016 letter offered to settle Heredia's debt for $1,154.38, thus forgiving $738.05, and the January 5, 2017 letter offered to settle the debt for $965.14, thus forgiving $927.29. CMS did not demarcate—either in the letters themselves or in briefing—how much of this forgiveness was principal and how much interest. Both of these letters also contained the statement "Discover may file a 1099C form." The complaint alleges that the settlement offers in these third and fourth letters, although offering total reductions over $600, did not reduce the amount of principal owed by $600 or more. Whether the 1099C Clauses in these later letters were misleading is a matter to be determined on remand, if necessary to the resolution of the case.

have known whether any particular debtor would have a tax liability or not. The district court relied on the reasoning of the *Dunbar* case without recognizing the material distinction between the Tax Consequences Clause and the 1099C Clause. *Heredia v. Capital Mgmt. Servs., L.P.*, No. 17-C-284, 2019 WL 288122, at *4 (E.D. Wis. Jan. 22, 2019); R. 43 at 9.

Moreover, the language is misleading in a material way. The reference to a report to the IRS may instill angst in the unsophisticated debtor. The district court focused on whether the 1099C Clause might cajole a debtor into paying more of the debt to avoid the economic consequences of tax liability, without considering the psychological coercion that a threat to involve the IRS might have on such a consumer. See, e.g. *Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159, 162 (3d Cir. 2018) (agreeing with plaintiffs that by including the language about reporting to the IRS, the debt collector presented a false or misleading view of the law designed to intimidate the plaintiffs into paying the outstanding debts).

Our decision is in line with this recent decision of the Third Circuit in *Schultz*. The collection letter at issue in that case stated, "We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case." *Id*. at 161. The *Schultz* court held that such language, even with the conditional statement that not all debt would be reported, "presented a false or misleading view of the law—one designed to scare or intimidate the [debtors] into paying the outstanding debts listed on the debt collection letters even though [the debt collector] knew that any discharge of the [debtor's] debt would not result in a report to the IRS." *Id.* at 162. See also *Foster v. AllianceOne Receivable Mgmt., Inc.*,

No. 15-cv-11108, 2016 WL 1719824, at *1, 2 (N.D.Ill. Apr. 28, 2016) (finding the "mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy,'" even where the dunning letter listed the balance on the account as $718.96 and stated, "[p]lease be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client."); *Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 744, 748–49 (E.D. Pa. 2014) (drawing all reasonable inferences in favor of the plaintiffs and finding the following language deceptive and misleading: "[The Creditor] is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" where the creditor offered to allow the plaintiff to settle his $613 debt for $183.90). CMS does point to one district court opinion in which the court found that a 1099C clause was not misleading, but in that case the dunning letter combined two pieces of information—first, the amount of debt, which was clearly under $600, and second the statement that "any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client." *Rhone v. AllianceOne Receivables Mgmt., Inc.*, No. 1:14-CV-02034-JMS, 2015 WL 4758786, at *2 (S.D. Ind. Aug. 12, 2015). This type of letter arguably places the knowledge back in the hands of the debtor by allowing the debtor to determine, from the face of the letter, whether the conditional reporting will or will not happen in that particular instance. Moreover, and importantly, we cannot make any predictions about whether this court would find the

language at issue in any of these district court opinions misleading in light of our currently evolving precedent.[3]

## III.

For the reasons we discussed, applying the requisite presumptions in a motion to dismiss, here we cannot say that "there is no set of facts consistent with the pleadings under which [Heredia] could obtain relief." *Marqeuz*, 836 F.3d at 812. At least for the November 11 dunning letter, it is certain that Discover would never file a 1099C form, as the amount of debt CMS was proposing to discharge in each offer was less than $600. Heredia has plausibly alleged that a statement that CMS might file a 1099C form is misleading.

Because these questions of whether particular statements are deceptive or misleading, however, are almost always

---

[3] The remainder of the cases that CMS lists as "similar," in fact, are not similar enough to have any bearing on this case, as they address the permissibility of a tax consequences clause (which we held in *Dunbar* was permissible), rather than the permissibility of a 1099C clause. *Taylor v. I.C. Sys., Inc.*, No. 17 CV 00541, 2018 WL 3637354, at *1 (N.D. Ill. July 30, 2018); *Ceban v. Capital Mgmt. Servs., L.P.*, No. 17CV4554ARRCLP, 2018 WL 451637, at *1 (E.D.N.Y. Jan. 17, 2018); *Remington v. Fin. Recovery Servs., Inc.*, No. 3:16-CV-865 (JAM), 2017 WL 1014994, at *1 (D. Conn. Mar. 15, 2017); *Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 347 (S.D.N.Y. 2017), *aff'd,* 886 F.3d 212 (2d Cir. 2018); but see *Moses v. LTD Fin. Servs. I, Inc.*, 275 F. Supp. 3d 893, 894–95 (N.D. Ill. 2017) (finding, on summary judgment, that the following language was not misleading, "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099–C. You will receive a copy of the Form 1099–C if one is required to be filed with the IRS," where the plaintiff owed $951.29 and the debt collector offered him the opportunity to pay $237.82 to resolve the debt without identifying the amount of principal and interest).

questions of fact, the ultimate decision on this question is one in the province of a district court. We therefore VACATE the judgment of the district court and REMAND this case for further proceedings consistent with this opinion.