In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3256

DARLENE BRUNETT,

*Plaintiff-Appellant,*

*v.*

CONVERGENT OUTSOURCING, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 18-C-0168 — **Lynn Adelman**, *Judge.*

ARGUED SEPTEMBER 16, 2020 — DECIDED DECEMBER 15, 2020

Before EASTERBROOK, MANION, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Convergent Outsourcing sent Darlene Brunett a letter demanding repayment of a debt that slightly exceeded $1,000. The letter also offered to accept 50% of the balance in satisfaction of the debt, and it added that, if Brunett could not afford this much, she could contact Convergent to discuss other options. The letter told Brunett that, if the creditor ended up forgiving more than $600, it

would be required to report the release of indebtedness to the Internal Revenue Service on Schedule 1099-C, because federal law treats as taxable income a loan that is not repaid.

Brunett contends in this suit that the statement about reporting to the IRS violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692e(5), (10), because it threatens action that cannot legally be taken and amounts to a false representation. We have held that such a statement indeed violates the Act if the creditor could not be required to notify the IRS—if, for example, the total debt is below $600. See *Heredia v. Capital Management Services, L.P.*, 942 F.3d 811 (7th Cir. 2019). But Brunett's debt of $1,012 exceeds $600, so a report would be required if Convergent accepted as full payment $412 or less. Brunett offered to pay Convergent $5 a month, and as that is less than the interest on the debt it amounted to a request that the whole debt be forgiven. Because reporting a forgiven debt to the IRS was a distinct possibility, and Brunett did not proffer evidence showing that she had been misled to her detriment, the district judge held on summary judgment that the Act had not been violated. 2019 U.S. Dist. LEXIS 187090 (E.D. Wis. Oct. 29, 2019).

The first question in this case, as in every other federal suit, is whether there is a case or controversy within the meaning of Article III. During her deposition Brunett conceded that the letter had not injured her. She did not pay something she does not owe (or, indeed, anything at all). The statement about the possibility of a report to the IRS did not affect her credit rating or discourage anyone from doing business with her. Cf. *Northeastern Florida Chapter, Associated General Contractors of America v. Jacksonville*, 508 U.S. 656 (1993). Although Brunett asserted that she was confused by

the letter's language, she did not tie that confusion to an injury. This led us to direct the parties to file supplemental memoranda addressing subject-matter jurisdiction.

Several decisions hold that a plaintiff who lacks a concrete injury cannot sue under the Fair Debt Collection Practices Act or a similar statute just because a statement in a letter is incorrect or misleading. See, e.g., *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019). Brunett contends that these decisions are not controlling because they concern "procedural" rights rather than "substantive" rights—which is how she characterizes §1692e. Yet the need for injury in fact is a constitutional rule that does not depend on how one characterizes the statute involved. It is therefore unsurprising that *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), a case in which the plaintiff asserted the violation of a substantive right, found no standing using the approach of *Spokeo*. And this court has recently held that the asserted violation of a substantive right conferred by the Fair Debt Collection Practices Act does not guarantee the plaintiff's standing. There must still be a concrete injury. See *Larkin v. Finance System of Green Bay, Inc.*, No. 18-3582 (7th Cir. Dec. 14, 2020).

This returns us to the question whether Brunett has alleged injury. A debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion—if, for example, the confusion leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate. But the state of confusion is not itself an injury. See, e.g., *Trichell v. Midland Credit Management, Inc.*, 964 F.3d 990 (11th Cir. 2020). If it were,

then everyone would have standing to litigate about everything. Imagine a plaintiff who asserted that the lack of a full public budget about secret projects left her confused about how taxes were being spent. The Supreme Court held in *United States v. Richardson*, 418 U.S. 166 (1974), that members of the public lack standing to litigate about how federal expenditures are reported. An allegation of confusion would not avoid that holding. Nor could a person claiming to be confused about how public money is allocated by the Executive Branch avoid the holding of *Hein v. Freedom from Religion Foundation, Inc.*, 551 U.S. 587 (2007), that some concrete injury is essential to make a claim under the Establishment Clause of the First Amendment.

That Brunett's confusion led her to hire a lawyer does not change the evaluation. Even innocuous statements about tax law may lead people to consult counsel. The proposition that forgiving debt is a form of income is not intuitive to nonlawyers (or even to some lawyers). A desire to obtain legal advice is not a reason for universal standing. The plaintiffs in *Thole*, *Spokeo*, *Hein*, and *Richardson* all had counsel. They had been concerned, confused, disturbed, or upset enough to ask lawyers for help. But the Supreme Court held that only people who can show personal, concrete injuries may litigate. Many people think that an advisory opinion will set their minds at ease, but hiring a lawyer in quest of a judicial answer does not permit a federal court, operating under Article III, to give that answer.

Brunett tells us that the letter was "intimidating" as well as "confusing." Our analysis is the same. Attaching an epithet such as "intimidation" to a letter does not show that injury occurred. Talk is cheap, but where's the concrete harm?

That's what the Constitution requires, and Brunett does not allege any.

According to Brunett, all of this is unimportant because she wants to represent a class of all persons who received similar letters, and some of those persons may have owed less than $600 to begin with or taken a detrimental step after receiving the letters. But someone who is not injured cannot represent those who are. The district court properly denied the motion to certify a class under Fed. R. Civ. P. 23.

The judgment is vacated, and the case is remanded with instructions to dismiss for lack of subject-matter jurisdiction.