In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-3494

FRANCINA SMITH,

*Plaintiff-Appellant,*

*v.*

GC SERVICES LIMITED PARTNERSHIP and ORG GC GP BUYER,
LLC,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-01897-RLY-DLP — **Richard L. Young**, *Judge.*

SUBMITTED JANUARY 4, 2021 — DECIDED JANUARY 21, 2021

Before EASTERBROOK, KANNE, and BRENNAN, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* The first time this suit was here, we held that GC Services, a debt collector, had waived or forfeited any entitlement to arbitrate its dispute with Francina Smith. 907 F.3d 495 (7th Cir. 2018). The district court then held that Smith had not been injured and dismissed the suit. 2019 U.S. Dist. LEXIS 227464 (S.D. Ind. Dec. 2,

2019). The district judge relied principally on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019) (Barrett, J.).

We put Smith's appeal on hold while the court considered several other cases that presented questions about standing to sue under the Fair Debt Collection Practices Act (FDCPA or the Act). See *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Spuhler v. State Collection Service, Inc.*, 983 F.3d 282 (7th Cir. 2020); *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020). See also *Nettles v. Midland Funding LLC*, No. 19-3327 (7th Cir. Dec. 21, 2020). Now that those opinions have issued, and the parties have filed supplemental memoranda, the appeal is ready for decision.

Smith complains that GC Services violated 15 U.S.C. §1692g(a)(3), part of the Act, because a debt-collection letter stated, among other things:

> If you dispute this balance or the validity of this debt, please let us know in writing. If you do not dispute this debt in writing within 30 days after you receive this letter, we will assume this debt is valid.

As Smith sees things, these sentences conflict with §1692g(a)(3), which requires a debt collector to send each consumer "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". The Act does not say how a consumer may dispute a debt's validity. It follows, Smith insists, that the consumer is entitled to choose how to dispute

a debt. One might say in opposition that, precisely because the statute is silent on the means of disputing a debt, a debt collector may decide how it wants disputes to be presented. Many potential litigants believe that writings are desirable because they eliminate controversies about who said what to whom and when. This circuit has not addressed the question whether a debt collector violates §1692g(a)(3) by telling consumers to put their disputes in writing. We do not take up that subject today, because we agree with the district court that Smith lacks standing to sue.

*Spokeo* holds that the requirement of injury as an element of standing is essential to suits under consumer-protection statutes, and *Casillas* applies that holding to the Fair Debt Collection Practices Act. In the wake of *Spokeo* and *Casillas*, many litigants and some district judges distinguished between "procedural" claims, which would be governed by *Spokeo* and *Casillas*, and "substantive" claims, for which any asserted violation of the statute would be treated as an injury. *Larkin* and its successors in this circuit disapprove that distinction and hold that injury in fact is essential to standing, whether the asserted violation is best understood as substantive or procedural. Several of these decisions, such as *Larkin* and *Gunn*, add that a consumer's assertion that she was confused by a debt-collection letter does not show injury unless the confusion leads the consumer to take some detrimental step. Smith, who says that she was confused by the letter she received, does not contend that the letter's supposed lack of clarity led her to take any detrimental step, such as paying money she did not owe. She therefore needs some other way to show injury.

*Casillas* dealt with how a debt collector verifies the existence and amount of a debt. The plaintiff in *Casillas* saw a violation in the debt collector's failure to tell her that she had to communicate in writing in order to avail herself of the Act's protections. We replied: "[N]o harm, no foul." 926 F.3d at 331. Because Casillas didn't want to communicate with the debt collector at all, the omission of details could not have harmed her. Smith takes a position opposite to that of Casillas: that a debt collector violates the Act by telling a consumer to communicate in writing. Her problem is the same: No harm, no foul.

Smith seizes on the fact that Casillas wasn't planning to communicate at all and thus could not have been harmed by what the debt collector said (or didn't say) about the right way to communicate. In her supplemental filing after we issued *Larkin*, Smith proposes to distinguish *Casillas* on the ground that, if she had known that she could dispute the debt orally, she would have done so. We doubt that this belated position is proper. Smith's complaint does not contain such an assertion. Indeed, when her standing was challenged in the district court, Smith replied: "[W]hether Ms. Smith, herself, intended to dispute the debt cannot be said at this point in the litigation". If she had not made up her mind even after filing suit, she cannot have had an intent to dispute the debt within 30 days of receiving the letter.

No matter. Even in her supplemental memorandum, Smith has not tried to explain *how* a need to use a writing deterred her from disputing a debt (she does not claim to be illiterate) or *what good* a dispute would have done her. The district judge observed that Smith "did not allege she had any doubt that she owed the creditor the stated amount of

money. And she failed to allege any injury that flowed from her failure to dispute the debt." 2019 U.S. Dist. Lᴇxɪs 227464 at *5. She does not say, for example, that GC Services took any debt-collection step during the time that would have been required for the original creditor to verify the debt, had it been disputed.

Statutory rights such as the power to dispute the validity of an asserted debt can be valuable if the debt collector is mistaken about how much the consumer owes, or to whom. But when the debt collector is *not* mistaken—and Smith does not allege that GC Services has been trying to collect anything that she does not owe—a given statutory right may have little or no value.

Standing often depends on what theory a plaintiff advances and how injury would be proved. See *Thornley v. Clearview AI, Inc.*, No. 20-3249 (7th Cir. Jan. 14, 2021). We do not hold that someone asserting a violation of §1692g(a)(3) *cannot* establish injury; we hold only that Smith *did not* allege injury, because she did not try to show what good a dispute would have done her. She is no worse off than if the letter had told her that she could dispute the debt orally. Because she is uninjured, the judgment of the district court dismissing the suit for lack of Article III standing is

AFFIRMED.