NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2020
Decided July 14, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2197

| | |
|---|---|
| JUDY DAHL, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 18-cv-753-wmc |
| KOHN LAW FIRM, | |
| *Defendant-Appellee*. | William M. Conley, |
| | *Judge*. |

**O R D E R**

Judy Dahl held Discover and Target credit cards issued by Discover Financial Services LLC and TD Bank USA, respectively. In February 2017 she sent both creditors identical letters disputing the amount she owed and demanding that they stop contacting her:

> Don't call me anymore at any number. Don't send me any letters. Don't email me. You or your company may not communicate with me at all. Stop

all communication with me now for the account noted above. If you had my permission to call or write me, you don't anymore. Stop Buggin me.

I don't owe you nothin'—especially for the account above.

If you are taking money from my bank account or credit card, that must stop now to [sic].

A few months later, Discover Financial and TD Bank hired the Kohn Law Firm to collect outstanding balances on the accounts. In September 2017 Kohn Law sent Dahl two letters—one for each creditor—advising her that the firm had been retained in connection with her Discover and Target credit-card accounts. Each letter acknowledged that "the creditor has advised us that you have requested no further communications regarding this matter." Each letter also explained, however, that "federal law requires that we provide you with the following notices" and recited the information and notices required by the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692, *et seq.*

Dahl responded with this suit against Kohn Law alleging that the firm violated 15 U.S.C. § 1692c(c) by sending her the letters after she told Discover Financial and TD Bank to stop contacting her. In relevant part, § 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt … .

Kohn Law moved to dismiss for failure to state a claim, arguing that § 1692c(c), by its terms, applies only when a consumer sends a "cease communication" notice directly to the *debt collector*, not the *creditor*. Alternatively, the firm argued that the letters were informational only and therefore did not qualify as "communications" under the Act, and even if they were "communications," they were permissible— indeed, *required*—by § 1692g of the Act. The district judge agreed with the first and third arguments and dismissed the case without addressing the second.

Dahl appealed. Following oral argument, we issued a series of decisions clarifying the analysis of Article III standing in FDCPA cases. *See, e.g., Markakos v. Medicredit, Inc.*, 997 F.3d 778, 779–80 (7th Cir. 2021); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th

Cir. 2021); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071–72 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280–281 (7th Cir. 2020); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066–67 (7th Cir. 2020). These cases involved claims under various provisions of the Act, but each one applied the same fundamental principle: a violation of the FDCPA "does not, by itself, cause an injury in fact" sufficient to confer Article III standing. *Markakos*, 997 F.3d at 779.

The parties did not address the issue of Dahl's standing in their original briefs. Because Article III standing is jurisdictional, we have an independent obligation to raise the question. *DaimlerChrysler Corp v. Cuno*, 547 U.S. 332, 340 (2006). We gave the parties an opportunity to file supplemental briefs addressing Dahl's standing in light of this recent line of cases. They have done so. We now conclude that Dahl's complaint does not allege facts sufficient to support her standing to sue.

The familiar test for Article III standing has three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). This case, like our other FDCPA standing cases, turns on the threshold requirement of an injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quotation marks omitted).

The key question here is whether Dahl alleged a concrete injury from the claimed § 1692c(c) violation. In her supplemental brief, she argues for the first time that the unwanted letters from Kohn Law invaded her privacy. She analogizes her case to *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 463 (7th Cir. 2020), which involved a claim under the Telephone Consumer Protection Act by a plaintiff who received unwanted text messages.

We rejected a similar argument in *Pennell*. 990 F.3d at 1045. Sonja Pennell was represented by the same law firm as Dahl and likewise brought a claim against a debt collector for violation of § 1692c(c). *Id.* at 1043. We vacated a merits judgment for the defendant and remanded with instructions to dismiss the case for lack of standing. We started with the basic principle that the standing question depended on "what Pennell alleged in her operative complaint." *Id.* at 1045; *see also Thornley v. Clearview AI, Inc.*,

984 F.3d 1241, 1245–46 (7th Cir. 2021) ("[A]n important corollary to the rule that injury-in-fact must be concrete and particularized … is the requirement that 'the plaintiff must clearly allege facts demonstrating each element'" of standing. (quoting *Spokeo*, 136 S. Ct. at 1547 (cleaned up))). Pennell mentioned "stress and confusion" in her complaint but did not allege "that her injuries included any perceived invasion of privacy." 990 F.3d at 1045. We explained that stress and confusion are not, by themselves, concrete injuries. *Id.* (citing *Brunett*, 982 F.3d at 1068). And we rejected Pennell's attempt to "broaden her complaint by inserting a new [privacy-based] injury" on appeal. *Id.*

This case is indistinguishable from *Pennell*. Dahl's complaint makes no mention of an invasion of privacy. Rather, she alleged only that Kohn Law's letters "made [her] believe that her attempt to exercise her rights under the FDCPA had been futile[] and that she did not have the rights Congress had granted her under the FDCPA." To the extent that this is an allegation of confusion, we reiterate that "the state of confusion is not itself an injury." *Brunett*, 982 F.3d at 1068. Applying *Pennell*, we VACATE the judgment and REMAND with instructions to dismiss for lack of subject-matter jurisdiction.