In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-2288

CALVIN J. CHOICE,

*Plaintiff-Appellant,*

*v.*

KOHN LAW FIRM, S.C. and UNIFUND CCR, LLC,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-5773 — **Sharon Johnson Coleman**, *Judge.*

ARGUED APRIL 5, 2023 — DECIDED AUGUST 11, 2023

Before SYKES, *Chief Judge*, and HAMILTON and BRENNAN,
*Circuit Judges.*

BRENNAN, *Circuit Judge*. Calvin Choice alleges a collection
agency and its law firm violated the Fair Debt Collection Prac-
tices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, when they made
contradictory statements about the recovery of statutory at-
torney's fees in a debt-collection action. The district court dis-
missed Choice's complaint, holding that he had not shown a
concrete harm for Article III standing. We affirm.

**I.**

Calvin Choice defaulted on a debt incurred on a Citibank, N.A. consumer credit account. Unifund CCR, LLC purchased that debt and hired the Kohn Law Firm to collect it. Kohn sued Choice in state court on behalf of Unifund, seeking judgment in the amount of the debt as well as "statutory attorney fees." Attached to the complaint was an affidavit of Unifund's agent indicating that the company was not seeking additional amounts after the charge-off date, including attorney's fees. To Choice, because the affidavit contradicted the request for judgment in the state court complaint, one of the statements must have been false. He also contends that no applicable statute permitted the recovery of such attorney's fees in the state court action.

In response, Choice sued under the FDCPA in federal district court, alleging injury from the receipt of false, misleading, and deceptive communications from Kohn and Unifund. In an amended complaint Choice alleged he "became concerned, and worried as the result of the reference to 'statutory attorney fees' being sought." Choice asserted that upon reading the state court complaint, he "was confused regarding the amount of money that was being sought from him." Choice alleged "he hired an attorney to help him ascertain the amount of the alleged debt owed, whether attorney fees could be imposed, and in what amount." He also paid an appearance fee to a lawyer in the state court action.

In his amended complaint, Choice claims he would have sought to resolve the debt instead of hiring a lawyer and litigating. But he alleges that the statements "caused him to also consider paying a debt that he would rather have chosen to dispute due to his fear that attorney fees would be assessed in

a greater amount as he litigated the case forward." Choice further pleaded that he believed that a decision to contest the debt could have turned out to be more costly than paying it.

Despite his allegation that, but for the statements, he would have paid or settled the debt, during discovery Choice denied owing any debt. He later said he lost sleep due to concern over the extent of his liability. Choice's amended complaint does not articulate an FDCPA claim based on the underlying debt, as opposed to the statements about statutory attorney's fees.

The defendants each moved to dismiss Choice's complaint for lack of subject matter jurisdiction, and Kohn also moved to dismiss for failure to state a claim. The district court granted those motions, concluding that Choice had not established Article III standing. The court reasoned that neither confusion, lost sleep, nor hiring a lawyer are concrete harms. It also noted Choice had admitted in discovery that he did not suffer any actual damages. Choice appeals.

## II.

We review de novo dismissals for lack of subject matter jurisdiction and for failure to state a claim. *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023). We construe the defendants' challenges under Federal Rule of Civil Procedure 12(b)(1) as facial attacks on the complaint, contesting whether the allegations, taken as true, support standing. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). We therefore accept the well-pleaded facts as true and draw all reasonable inferences in Choice's favor. *See id.*

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). Choice contends he suffered two concrete injuries: he hired an attorney to defend him in the collection action and paid an appearance fee, and he lost sleep due to concern about having to pay statutory attorney's fees.

Choice's decisions to hire an attorney and pay an appearance fee are insufficient to establish standing. *See Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020). In *Brunett*, the plaintiff hired a lawyer after being confused by a dunning letter, which stated that a creditor who forgives more than $600 in debt must report the forgiven amount to the IRS as taxable income. 982 F.3d at 1067, 1069. This court explained that although acting to one's detriment due to confusion may be enough to establish standing, consulting counsel did not meet this standard. *Id.* at 1068–69. That is, "[a] desire to obtain legal advice is not a reason for universal standing." *Id.* at 1069. Indeed, hiring counsel should yield advice for the client to resolve confusion. Choice's decision to retain counsel fails to establish concrete injury.

Choice also contends, however, that the statement about statutory attorney's fees led him to take a detrimental step by choosing to litigate the debt and paying an appearance fee, as opposed to paying or settling the debt. But this factual allegation is contradicted by others in his complaint. Although

Choice claimed he "would" have "paid or settled" the debt instead of litigating had the statement about statutory attorney's fees not been made, he also alleges the statement "caused him to … consider paying a debt that he would rather have chosen to dispute" and "could have led to a decision to pay a debt that he would have preferred to contest." These contradictory allegations show that instead of being induced into hiring an attorney and litigating, the statement about statutory attorney's fees left Choice confused about the proper course of action.[1] As we have consistently explained, confusion leading one to hire a lawyer is insufficient to establish standing.[2] *See, e.g.*, *Pierre*, 29 F.4th at 939; *Brunett*, 982 F.3d at 1069. We also see no material distinction between hiring a lawyer and paying an appearance fee for purposes of Article III standing. Nothing in *Pierre*, *Nettles*, or *Brunett* suggests counsel in those cases provided free legal services.[3]

---

[1] Choice's argument here also runs into an estoppel problem: during discovery he denied owing the debt, but on appeal he contends he would have paid it but for defendants' statements.

[2] The dissent acknowledges that Choice's complaint contains "concessions and contradictions" but characterizes them as inconsistent theories permitted under Federal Rule of Civil Procedure 8(d). Yet, how Choice would have responded to the collection action absent the defendants' statements is a fact known only to Choice. *See, e.g.*, *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996) ("[A] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question."); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1285 (4th ed. 2023).

[3] The dissent analogizes Choice's case to a common-law tort claim, like malicious prosecution or abuse of process, because Choice hired defensive counsel. Though Choice asserted he does not owe the debt, he does not allege an FDCPA claim based on the underlying debt.

Nor is Choice's lost sleep a concrete harm that supports standing. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665 (7th Cir. 2021), controls on this point. There, the plaintiff sued under the FDCPA, alleging that a debt collector failed to provide her with complete and timely written notice of her statutory rights and that the debt collector's employee neither identified herself as a debt collector on the phone nor stated the purpose of the call. *Id.* at 666–67. We explained that the plaintiff's emotional harms, including that "she got less sleep" because of the communications, were insufficient to establish standing. *Id.* at 668–69. Choice's loss of sleep is likewise insufficient to show a concrete harm.[4]

\*       \*       \*

Choice has not established Article III standing, and his complaint was therefore properly dismissed for lack of subject matter jurisdiction. We AFFIRM.

---

[4] Choice also argues the district court erred in relying on his admission that he did not suffer actual damages. We need not address this argument because even when his admission is not considered, he fails to demonstrate a concrete harm for Article III standing.

HAMILTON, *Circuit Judge*, dissenting. We should reverse the dismissal of this case for lack of standing and remand for further proceedings. I respectfully dissent.

The majority opinion relies on a series of decisions that this court issued beginning in late 2020 restricting standing under the Fair Debt Collection Practices Act to an extraordinary and erroneous degree. I have explained my views on these questions in *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934 (7th Cir. 2022), both in a panel dissent, 29 F.4th at 940–56, and in dissent from denial of rehearing en banc, 36 F.4th at 729–37. *Pierre* and other recent cases in this circuit have failed to give due respect to the judgments of Congress and have overlooked close historical parallels from both the common law and constitutional law that support Congress's creation of statutory claims for similar injuries. As Judge Ripple put the matter, our circuit's law on standing under the FDCPA has been "traveling far out in front of our *Spokeo*-provided head-lights," and I would add now the *TransUnion*-provided head-lights as well. See *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 784 (7th Cir. 2021) (Ripple, J., concurring in the judgment); see generally *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

*Pierre* and the recent cases it relied upon are the law of the circuit, whether I agree with them or not, of course. I do not concur in the judgment of affirmance, however, because a feature of this case warrants a different result despite those precedents.

Plaintiff Choice claims that defendant Kohn Law Firm filed a collection suit against him that included a prayer for attorney fees that was baseless under state law and thus illegal under the FDCPA. See 15 U.S.C. § 1692e(2), (5) & (10), and

§ 1692f. Choice responded by retaining a lawyer, paying an appearance fee in the state-court action, and defending himself in state court.

In *Pierre* and similar cases rejecting hiring counsel as a basis for standing, plaintiffs alleged that the defendants' violations of the FDCPA had confused them and led them to hire a lawyer for guidance and/or to file an action themselves. See *Pierre*, 29 F.4th at 939; *Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020) (becoming annoyed and consulting a lawyer not sufficient for standing); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020) (becoming confused and hiring lawyer for advice not sufficient for standing); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071–72 (7th Cir. 2020) (hiring lawyer to bring suit does not show standing).

This case is very different. Hiring a lawyer to defend yourself in state court in an action where the debt collector violated the FDCPA is readily distinguishable from consulting a lawyer to clear up your own confusion or to file your own lawsuit. The expense of hiring a lawyer to defend a baseless or illegal lawsuit is a concrete injury. It should support standing under the FDCPA. That expense is virtually identical to injuries compensable in a common-law tort claim for malicious prosecution or abuse of process. That common-law foundation should surely suffice for constitutional standing under *TransUnion,* 141 S. Ct. at 2204 (close common-law analogue for asserted injury can support standing under federal statutes). See Restatement (Second) of Torts §§ 670, 671 & 681 (Am. L. Inst. 1977) (damages for malicious prosecution and wrongful civil proceedings include emotional distress

resulting from proceedings and expense reasonably incurred in defending the proceeding).

I do not read the majority opinion as actually holding that hiring defensive counsel is not sufficient to establish standing. Rather, as the majority opinion notes, plaintiff Choice has responded somewhat erratically on the standing issue. He filed this action before our circuit's sharp narrowing of FDCPA standing began in late 2020. In response to those changes, Choice has been inconsistent about his theories for injury and standing, including particularly how his alleged injuries might have been caused by defendant's alleged violation. Still, our circuit's case law has also been inconsistent. In response, Choice has tried to find a path to constitutional standing for an ordinary sort of FDCPA violation where the statute offers at least statutory damages. In any event, parties are entitled to plead in the alternative and even to contradict themselves in their pleadings, see Fed. R. Civ. P. 8(d), and sometimes in their testimony. See generally, e.g., *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1170 (7th Cir. 1996). An incidental effect of hiring defensive counsel might be to clear up a borrower's confusion. That effect should not defeat otherwise sufficient standing under the FDCPA.

Accordingly, even under *Pierre* and its family of new standing cases under the FDCPA, we should vacate and remand to allow Choice to clarify his theory on injury and standing. Perhaps he could not satisfy those (erroneous) standards, but perhaps he could. Because of the changes in our circuit law, I would give Choice more leeway to correct course than my colleagues do—reasonable judges and lawyers can answer that question differently. Nevertheless,

future plaintiffs who seek damages under the FDCPA for defensive attorney fees and emotional distress should be able to distinguish this case based on Choice's concessions and contradictions. They should also be able to show how the cost of defensive counsel is a concrete injury under *TransUnion* and *Spokeo*.